Filed:  March 19, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 95-5799
(CR-94-230)

_____

United States of America,

                                        Plaintiff - Appellee,

        versus

Lee Marvin Settle, etc.,

                                        Defendant - Appellant.

_____

O R D E R

_____

        The Court amends its opinion filed February 21, 1997, as
follows:

        On page 2, first full paragraph, line 6 -- the citation to
Bailey v. United States is corrected to begin "___ U.S. ___, 116
S.Ct. 501 . . . ."

                                For the Court - By Direction


                                /s/ Patricia S. Connor
                                _____
                                        Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5799

LEE MARVIN SETTLE, a/k/a Supreme,
a/k/a Larry McCrae,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-230)

Argued: December 4, 1996

Decided: February 21, 1997

Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Bruce Freedman, WHITE & CRUMPLER,
Winston-Salem, North Carolina, for Appellant. Paul Alexander Wein-
man, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attor-
ney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lee Marvin Settle entered a guilty plea to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996), and to using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1996). He challenges his § 924(c) conviction in light of Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). He also contests his 168-month sentence, alleging that he was wrongly sentenced under the penalties for crack offenses.

Settle pled guilty to selling crack with co-defendant Larry Johnson in Reidsville, North Carolina, from June 1993 until February 1994, and to using and carrying a firearm in relation to a drug trafficking crime on or about November 3, 1993.

During the guilty plea hearing,[1] the government summarized the evidence which supported the guilty plea. The government had a witness who would testify that Settle carried a nine millimeter pistol to protect his drug trade.[2] In addition, the government had witnesses to

---

[1] The parties originally failed to provide, for the record, a copy of the guilty plea hearing. Fed. R. Crim. P. 11(g) requires:

> A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

At the court's insistence, the parties provided the court with the plea hearing. The plea hearing is essential for proper review of the validity of the guilty plea and must be included in the record on appeal.

[2] The police found a 9 mm pistol as well as a picture of Settle with a pistol and with other drug dealers in a safe in a condominium where he had lived with his girlfriend during the conspiracy.

2

an incident where Settle pointed a gun at a rival drug dealer and stated, "I was there first. Once you claim a spot, it's mine."

After the government presented its summary of the evidence, Settle's attorney was given a chance to object to the government's summary of the evidence. Settle's attorney objected only to the parts of the government's summary of evidence which went to the amounts of drugs involved. Neither Settle nor his attorney objected to the government's characterizations of Settle's conduct in relation to his use of a firearm.

While Settle's appeal was pending, the Supreme Court held in Bailey that to sustain a conviction for the "use" of a firearm during and in relation to a drug trafficking offense, the government must show "active employment" of the firearm. Bailey applies retroactively. Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Because Settle did not contest the validity of his guilty plea in the district court, the issue is reviewed for plain error. United States v. Olano, 507 U.S. 725 (1993).

Under a plain error standard, Settle's plea should be upheld. The evidence indicates that Settle possessed a gun to protect his drug trade, and that he used the gun to threaten other drug dealers. Such conduct is active employment of a gun and satisfies that definition of "use" in Bailey.

Settle also contends that he should have been sentenced under the penalties for cocaine offenses instead of the more severe penalties for crack offenses; he relies on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994). Settle acknowledges that this court explicitly rejected the reasoning of Davis in United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 329, 133 L.Ed.2d 229 (1995), but asks that Fisher be reconsidered. Settle argues that Fisher failed to resolve the ambiguity in § 841(b)(1)(A) because cocaine and cocaine base are the same substance. In his view, "under any rational construction of the statute a portion must be rendered essentially meaningless," and therefore he "should be entitled to the rational interpretation which applies the most lenient penalty to him."

A panel cannot overrule the decision of a prior panel in this circuit. Brubaker v. Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991). We

3

believe <u>Fisher</u> settled this issue, and we decline Settle's invitation to reconsider the holding in <u>Fisher</u>.

There is sufficient evidence in the record to support Settle's guilty plea, and his sentence is affirmed.

<u>AFFIRMED</u>

4